**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**Arnold McCartney
Petitioner Below, Petitioner**

**vs.) No. 20-0242** (Lewis County 13-C-12)

**Donnie Ames, Superintendent,
Mount Olive Correctional Complex,
Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Arnold McCartney, by counsel Jeremy B. Cooper and James E. Hawkins Jr., appeals the February 18, 2020, order of the Circuit Court of Lewis County, denying his amended petition for a writ of habeas corpus. Donnie Ames, Superintendent, Mount Olive Correctional Center, by counsel Benjamin F. Yancy, III, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner shot his fiancée in the head at point-blank range with a revolver, and she died instantly. He was indicted on charges of first-degree murder by the Lewis County Grand Jury. At trial, petitioner's counsel advanced the following theories: voluntary intoxication, heat of passion, and accident. Petitioner believed that his fiancée was cheating on him, and he intended to scare his fiancée with the gun, but accidentally pulled the trigger. Petitioner was found guilty of first-degree murder during the guilt phase of the jury trial. Following the guilt phase, the court conducted the mercy phase. After deliberating for approximately twelve minutes, the jury returned a verdict recommending that petitioner not be granted mercy. Thus, petitioner was sentenced to life in prison without the possibility of parole.

Petitioner's trial counsel raised seven assignments of error on his behalf in his direct appeal. This Court, not persuaded by petitioner's arguments, affirmed his conviction and sentence. *See*

*State v. McCartney*, 228 W. Va. 315, 719 S.E.2d 785 (2011).[1] Two of the assignments of error in that proceeding are relevant to the issues presently before the Court. First, petitioner claimed that the circuit court denied him the opportunity to present closing arguments on the issue of mercy. This Court found that petitioner did not seek to present closing arguments during the mercy phase and had not been denied argument. Second, this Court considered petitioner's contention that he was entitled to a new trial on the basis of prosecutorial misconduct stemming from the State's closing argument that "letting a murderer go invites a repeat of the same crime." The Court found that given the isolated nature and the full context of the remark, as well as trial counsel's non-contemporaneous objection and the circuit court's consideration of the effect of a possible instruction, the circuit court did not abuse its discretion in its handling of the matter.

Petitioner then filed a pro se petition for a writ of post-conviction habeas corpus. After several years of delay, petitioner filed an amended petition, through counsel, arguing that trial counsel failed to conduct adequate and effective *voir dire* on the issue of mercy; failed to conduct adequate and effective cross-examination of witnesses concerning his level of intoxication and demeanor; failed to provide adequate representation during the mercy phase by not providing any mitigating testimony and by not making any argument in favor of mercy; failed to propose an adequate instruction on the defense of accident; failed to seek any funds or expert witnesses to conduct an evaluation for competency, criminal responsibility, or diminished capacity; failed to obtain an expert on firearms, ballistics, or forensic pathology; and failed to obtain witnesses favorable to petitioner in both the guilt and mercy phases.

The State filed a response to the Amended Petition, denying petitioner's allegations; however, the State later sent correspondence to petitioner's habeas counsel providing that the "omission of an expert on the issue of premeditation was aberrant of the established standards of practice" but further noting that the State "disagree[d] that the trial presentation of an expert on [petitioner's] mental acuity would have affected the [guilty] verdict favorably for the defendant."[2] As a proposed resolution, the State noted "[i]n order to obviate a new trial with nine year old evidence, the State offers to request the Court to reconsider the life sentence and modify the same to 'with mercy.'" The parties presented this information to the circuit court on August 4, 2017; however, the circuit court declined to adopt the proposal and, instead, ordered that the matter proceed to an evidentiary hearing.

During a November 30, 2017, omnibus hearing petitioner offered the testimony of Dr. Bobby Miller and attorney Jerry Blair, an attorney offered as an expert in criminal defense. Dr. Miller testified that "[i]n my opinion, there is a reasonable probability that, but for counsel's failure to request a forensic psychiatric evaluation, the results of the proceedings would have been different[ ]" as a forensic psychiatric evaluation could address diminished capacity. Attorney Jerry Blair opined that had trial counsel obtained a diminished capacity evaluation, there was a

---

[1] We thoroughly addressed the facts and circumstances surrounding this murder in the direct appeal. Following resolution of the direct appeal, petitioner filed a writ of certiorari to the United States Supreme Court which was denied.

[2] This letter was sent by a special prosecutor for the State, although the State was represented by the then-Prosecuting Attorney at trial.

reasonable probability that the outcome of the proceedings would be different and he opined that trial counsel's professional conduct fell below an objective standard of reasonableness.

Petitioner and both of his trial counsel testified at a second evidentiary hearing which was held on January 25, 2019.[3] Petitioner testified about his trial counsel's limited preparation for the mercy phase, the availability of character witnesses, and other mitigating evidence. Trial counsel's testimony focused on their investigation, strategy, and other motivations and circumstances surrounding the preparation for and events of trial, including an agreement with the prosecutor not to put on any witnesses during the mercy phase other than petitioner, in exchange for the State withholding its own witnesses. Trial counsel also testified that the decision not to utilize an expert to address petitioner's intoxication during the guilt phase was a strategic/tactical decision to protect petitioner.

Following the submission of briefs by both petitioner and the State, the circuit court entered an order denying petitioner's requested relief, finding that neither *Strickland* prong was satisfied regarding the diminished capacity defense as well as any other asserted pretrial and guilt-phase issues. As to the mercy phase, the court found:

> . . . Trial Counsel's performance during the mercy phase of trial was wholly inadequate. Trial counsel failed to prepare Petitioner to testify at the mercy phase of trial, failed to prepare any witnesses to testify on petitioner's behalf, and failed to ask the jury for mercy for their client. Trial counsel claims the decision was made not to give an opening or closing statement based upon their agreement with the Prosecutor that petitioner would be the only testimony and evidence presented at the mercy phase of trial. This "agreement" was not memorialized in writing or put on the record, leaving the details a mystery. Even if the failure to make an opening or closing statement was by some agreement, this court concludes that it is not a reasonable strategy to fail to request mercy on behalf of your client.

> The second (2nd) prong of *Strickland* requires Petitioner to prove " . . . that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). While this seems an impossible standard for a reviewing court to find, without replacing its judgment for the judgment of the jury, in this case the Court is obliged nonetheless to make an analysis. While the Court in *State ex rel. Shelton v. Painter*, 221 W. Va. 578, 655 S.E.2d 794 (2007), found *comments made by counsel* could prejudice a Defendant with regard to the mercy phase, the Court was silent on Counsel's *failure to comment.*

---

[3] At this omnibus hearing, the Special Prosecutor objected to his letter being entered into the record and noted that he had moved off his position in the letter. The court allowed the letter to remain in the court file and gave it weight, but ultimately the court refused to "make it a part of the record[.]"

In the present case there has been no evidence presented that counsel's failure to argue either in opening or closing of the mercy stage would significantly change the outcome of the mercy phase. This Court is unaware of any additional information that would have been adduced at trial in this matter, which could have been used as a verbalization of a request for mercy and that would have created a "reasonable probability" of a different outcome in this matter. None was made a part of the [petition for a] Writ of Habeas Corpus in this matter. Much was made of the Petitioner's progress while incarcerated since his conviction and subsequent incarceration, but this is not relevant to this Court's analysis on this issue.

In *State ex rel. Shelton*, the Court concluded "…defense counsel's closing argument contained no meaningful plea for mercy…" and found the (2nd) prong of Strickland "satisfied." *Id.* at 586, 802. However, the Court in *State ex rel. Shelton*, the Court looked at the totality of the circumstances above and beyond the lack of a mercy plea to conclude the second (2nd) prong of Strickland satisfied. Here the totality of the circumstances do not weight as heavily toward satisfying the second (2nd) prong of Strickland, therefore this Court **FINDS** the second (2nd) prong of Strickland is not satisfied.

Petitioner argued on appeal that he was not permitted the opportunity to give a closing argument, however, the West Virginia Supreme Court of Appeals found that counsel for the Petitioner could have made a closing argument, ***but chose not to***. *State v. McCartney*, 228 W. Va. at 329, 719 S.E.2d 785 at 799 (2011). Therefore, this Court **FINDS** counsel's failure to address the jury and make a meaningful plea for mercy on Petitioner's behalf to not be grounds for *habeas* relief.

Petitioner appeals from this order.

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

"On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

Petitioner claims that he received ineffective assistance of counsel during both the guilt and mercy phases of his trial and that the circuit court erred when it failed to grant his amended habeas petition. Additionally, he claims that the circuit court committed cumulative error.

4

As to his initial two assignments of error, the Sixth Amendment of the United States Constitution and Article III, § 14 of the West Virginia Constitution requires that a criminal defendant receive competent and effective assistance of counsel. *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152, 469 S.E.2d 7, 11 (1996). However, we have said that

> the cases in which a defendant may prevail on the ground of ineffective assistance of counsel are few and far between one another. This result is no accident, but instead flows from deliberate policy decisions this Court and the United States Supreme Court have made mandating that "[j]udicial scrutiny of counsel's performance must be highly deferential" and prohibiting "[i]ntensive scrutiny of counsel and rigid requirements for acceptable assistance[.]" *Strickland* [*v. Washington*], 466 U.S. [668,] 689–90, 104 S.Ct. [2052,] 2065–66, 80 L.Ed.2d [674,] 694–95 [(1984)]. In other words, we always should presume strongly that counsel's performance was reasonable and adequate. A defendant seeking to rebut this strong presumption of effectiveness bears a difficult burden because constitutionally acceptable performance is not defined narrowly and encompasses a "wide range." The test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*State v. Miller*, 194 W. Va. 3, 16, 459 S.E.2d 114, 127 (1995).

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland . . .* : (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*[.]

Syl. Pt. 3, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999).

> In reviewing [*Strickland's* first prong,] counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller*, 194 W. Va. at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6. In reviewing the second or prejudice prong, the court looks at whether "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceedings would have been different." *Vernatter*, 207 W. Va. at 13, 528 S.E.2d at 209, Syl. Pt. 3, in part (quoting *Miller*, 194 W. Va. at 6, 459 S.E.2d at 117, Syl. Pt. 5).

Upon our review of the record, the trial court did not err when it failed to grant petitioner habeas corpus relief regarding his ineffective assistance of counsel claim. First, as to his argument about counsel's performance during the guilt phase, petitioner claims that counsel was deficient where they failed to obtain an expert witnesses to address his intoxication and his ability to form intent and further failed to obtain a ballistics or firearm expert to establish that the gun accidentally discharged. At the omnibus hearing, trial counsel testified that the decision not to utilize an expert to address his intoxication was a strategic/tactical decision to protect petitioner. Turning to the second prong of the *Miller* test, we agree with the circuit court's determination that "based upon the totality of the evidence presented at trial, . . . it is not reasonably probable that expert testimony regarding petitioner's level of intoxication would have changed the results of the jury verdict." Further, petitioner's argument that his trial counsel were ineffective because they did not retain a ballistics/firearms expert at trial is unavailing. At trial, the State presented evidence that petitioner shot the victim in the head at point-blank range with a gun that was shown to be in perfect working order. Based upon this evidence, we fail to see how petitioner could satisfy the second prong of the *Miller* test, as there is no reasonable probability that a firearms expert would have changed the result of the pleadings.

Turning to petitioner's argument that his counsel was ineffective during the mercy phase of his trial, we likewise fail to find that the circuit court erred in denying his writ of habeas corpus. As to this issue, petitioner argued that his counsel were ineffective because they did not call any witnesses and they failed to make a meaningful plea for mercy on his behalf. Due to the overwhelming strength of the evidence presented against petitioner during the guilt phase, it is not reasonably probable that the result would have been different if counsel had called witnesses during the mercy phase. Moreover, consistent with the circuit court's order, although petitioner's counsel did not make a plea for mercy, the lack of this argument likewise would not have changed the jury's recommendation of no mercy due to evidence presented at trial as to the circumstances surrounding the murder. Thus, this assignment of error is without merit.

Finally, petitioner argues there was cumulative error in the proceedings below. Although a conviction may be set aside where the cumulative effect of numerous errors prevent a defendant from receiving a fair trial, this doctrine only evaluates the effect of matters determined to be error. *State v. Walker,* 188 W.Va. 661, 425 S.E.2d 616 (1992). Because we find that there was no error in this case, the cumulative error doctrine does not apply.

For the foregoing reasons, we affirm the circuit court's decision in its February 18, 2020, order denying the petition for habeas corpus relief.

Affirmed.

**ISSUED:** June 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead


Justice John A. Hutchison and Justice William R. Wooton concur, but would set this case for Rule 19 argument.